BUSHELL, SOVAK, OZER & GULMI LLP

ATTORNEYS AT LAW
www.bushellsovak.com

60 E. 42ND STREET, #2925
NEW YORK, NY 10165

TELE (212) 949-4700
FAX (212) 286-0513

CEM OZER
cozer@bushellsovak.com

695 RIDGEBURY ROAD
RIDGEFIELD, CT 06877

TELE (203) 748-8335
FAX (203) 724-0866

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/8/09

April 8, 2009

APR 08 2009

**BY FACSIMILE**

Hon. Harold Baer, Jr.
United States District Judge
United States District Court
500 Pearl Street, Room 2230
New York, NY 10007

Re: Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd., et al.
09-CV-2570 (HB) (MHD)

Dear Judge Baer:

We are counsel for Farberware Licensing Co. LLC ("FLC") and write with regard to Meyer Corporation, US and Meyer Intellectual Properties Ltd.'s ("Meyer") letter dated April 8, 2009 to the Court.

We note that Meyer fails to mention that FLC offered to adjourn the hearing (subject to the Court's approval) on the preliminary injunction motion to May 7, 2009, which is a three week extension from April 17th, the date currently proposed by the Court. However, we cannot agree to any further adjournment because FLC faces continued irreparable harm from Meyer's improper use of the Farberware® trademark in violation of, among other things, the Lanham Act Sections 32(1) and 43(a) and (c). In fact, since FLC filed the instant motion, and despite its earlier protests, Meyer has continued with its improper use of the Farberware® trademark to promote Meyer's Prestige® branded products on Meyer's interactive retail website, www.farberwarecookware.com (see attached). As noted in our moving papers, Meyer's inclusion of Prestige® products under the Farberware® trademark causes consumers to confuse the source of these products, believing them to be Farberware® products. For these reasons, FLC moved by order to show cause because the issue calls for expedited resolution.

Furthermore, we were cognizant of the upcoming religious holidays and for that reason served the Order to Show Cause papers on April 2nd, well before the April 6th deadline set by the Court, so that Meyer would have extra time to prepare its opposition. Additionally, we have agreed to extend Meyer's time to submit opposition papers to April 20th, with our reply papers due a week thereafter.

We also note that Meyer is incorrect in its allegation that Meyer Intellectual Properties Ltd. has not been properly served. Meyer Intellectual Properties Ltd. was properly served in accordance with the procedure outlined under the License Agreement at issue. Moreover, Meyer Intellectual Properties Ltd. was also served with process pursuant to the Hague Convention, which permits the use of postal channels for service of process in Hong Kong. *See, e.g., Silver Top Ltd. v. Monterey Indus. Ltd.*, No. 94 Civ. 5731 (LMM), 1995 WL 70599 (S.D.N.Y. Feb. 21, 1995) (service of process by registered mail in Hong Kong held to be valid service under the Hague Convention); Declaration of Cem Ozer dated April 3, 2009.

Respectfully submitted,

Cem Ozer

cc: Dean Dickie, Esq.
Renee L. Zipperich, Esq.
Dykema Gossett PLLC (by facsimile)

Alan D. Reitzfeld, Esq.
Holland & Knight LLP (by facsimile)

(1) One thing is clear there are to be no more letters > you have exhausted your limit (2) The trial date is on [illegible] & I notify you of a criminal trial [illegible] for appearances unless a [illegible] earlier availability (3) Deadlines for papers & reply are April 27 and May [illegible] (4) Δ's [illegible] discovery is [illegible] on April 27 or before [illegible] that is OK [illegible] more than enough time to [illegible] purposes for the hearing [illegible] Monday

SO ORDERED

Harold Baer, Jr. U.S.D.J.

4/8/09

Endorsement:

1. One thing is clear there are to be no more letters - you have exhausted your limit.

2. The hearing will be on Monday, June 1 unless a criminal trial goes away and I notify you of an earlier availability.

3. The deadline for opposition papers and reply are April 27 and May 4 respectively.

4. Defendants expedited discovery is approved and may begin on April 27 or before if that's OK but in any event it provides more than enough time to have discovery and prepare for the hearing.