```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FARBERWARE LICENSING                             :
COMPANY LLC,                                     :
                        Plaintiff,               :    09 Civ. 2570 (HB)
                                                 :
             -against-                           :    OPINION & ORDER
                                                 :
MEYER MARKETING CO., LTD., MEYER                 :
INTELLECTUAL PROPERTIES, LTD., and               :
MEYER CORPORATION, U.S.,                         :
                                                 :
                        Defendants.              :
------------------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., United States District Judge:**

On March 20, 2009, Plaintiff Farberware Licensing Company ("FLC") filed a complaint against Defendants Meyer Marketing Co., Ltd. ("MMC"), Meyer Intellectual Properties, Ltd. ("MIP") and Meyer Corporation, U.S. ("MUS") (collectively, "Meyer") and immediately sought an Order to Show Cause for a Preliminary Injunction, alleging that Meyer was infringing on FLC's FARBERWARE® trademark by improperly using that mark to promote Meyer's own line of Prestige® brand kitchen products. FLC's Complaint alleges the following causes of action: (1) trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin and false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) trademark dilution under New York State Law; (5) unfair competition under New York State common law; (6) deceptive acts and practices in violation of New York Gen. Bus. Law § 349; (7) breach of contract; and (8) breach of the implied covenant of good faith and fair dealing. Meyer has filed a motion for transfer of venue to the Eastern District of California. In the interest of moving this case along and allowing the parties to prepare for a trial on the merits, I have concluded to forego oral argument, currently scheduled for June 1, 2009, as unnecessary. For the reasons set forth below, Meyer's motion is denied and the matter will be resolved here.

## I.  FACTUAL BACKGROUND

FLC's claims arise out of a 1996 Licensing Agreement between Farberware, FLC's predecessor, and MMC, which granted MMC the exclusive right to use and exploit the FARBERWARE® name and related trademarks in connection with the sourcing, manufacturing, distribution and sale of specific "Cookware and Bakeware Products," as defined in the

1

Agreement.[1]  The royalties provided for under the Agreement total $1.00 per year, and the first 100 years of royalties have been pre-paid.  MUS alleges that since having acquired these intellectual property rights, it has invested substantial resources in the development of the FARBERWARE® brand.

On February 2, 2009, six weeks before FLC filed the instant lawsuit, MUS filed a complaint for declaratory judgment and tortious interference with contract in the U.S. District Court for the Eastern District of California against Creative Home and Alfay, two of FLC's distributors, alleging the usurpation of Meyer's exclusive contractual rights under the Licensing Agreement between Meyer and FLC (the "California Action").  On March 27, 2009, MUS amended its complaint in the California Action to add FLC as a defendant.  Although the Licensing Agreement contains provisions directing the parties to engage in mediation and/or arbitration of disputes arising under the Agreement, both parties argue that the other abandoned those procedures and, by filing their respective federal lawsuits, have indicated their amenability to proceeding in federal court.  The gravamen of Meyer's instant motion is that the matter should be tried in the Eastern District of California because that is where MUS is located,[2] and that is the forum where the related California Action is pending.

### III.  DISCUSSION

Meyer brings this motion under 28 U.S.C. § 1404(a), which provides in part that: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  On such a motion, the moving party bears the burden of establishing that transfer is appropriate.  *See ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 546 (S.D.N.Y. 2008).  The factors the court should consider, based on the totality of the circumstances, include: (1) the convenience of the witnesses; (2) the availability of process to compel the attendance of unwilling witnesses; (3) the convenience of the parties; (4) the locus of operative facts; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of

---

[1] MMC sold its right under the Agreement to MIP, and such sale was acknowledged and consented to by FLC.
[2] MUS is a Delaware corporation with a principal place of business in Vallejo, California.  MUS sells various cookware and bakeware products in the United States under several different brand names, including Circulon, Anolon, KitchenAid and Farberware.  MIP and MMC (which Defendants allege no longer exists) are British Virgin Islands corporations with principal places of business in Kowloon, Hong Kong, China.  FLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Needham, Massachusetts.  The members of FLC are citizens of the states of Connecticut and Massachusetts.

forum; and (9) trial efficiency and the interests of justice. *Emerging Vision, Inc. v. For Eyes Optical Co.*, 06 Civ. 5823, 2009 U.S. Dist. LEXIS 26493, at *10 (S.D.N.Y. Mar. 16, 2009) (citing, *inter alia*, *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). A determination on a motion for transfer rests within the "sound discretion" of the district court. *POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Aerotel Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000). Defendants argue that the deference owed to FLC's choice of this forum is substantially diminished because this district is not FLC's home district. While it is true that this factor may be given less weight when a plaintiff chooses a foreign venue, *see Ritz Hotel, Ltd. v. Shen Mfg. Co., Inc.*, 384 F. Supp. 2d 678, 683-84 (S.D.N.Y. 2005), the balance of the factors here does not provide sufficient grounds for transfer.[3]

Factors 1, 2, 3 and 5 are at best neutral in the venue-transfer analysis. First, although Meyer has listed numerous witnesses from whom they expect to present testimony, all of whom are located in California, "a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide," *ESPN*, 581 F. Supp. 2d at 547, and while Meyer has provided a list of names of potential witnesses along with their job descriptions, they "have failed to provide . . . a general statement of the substance of their testimony." *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 650 (S.D.N.Y. 2008). Meyer has thus failed to make the requisite showing on Factor 1. Second, although it is true, as Meyer contends, that this Court lacks authority to compel testimony from its California witnesses who are unwilling to testify, Meyer has failed to produce any affidavits or other support to indicate that any of its anticipated witnesses are, in fact, unwilling to testify. *See NBA Props., Inc. v. Salvino, Inc.*, 99 Civ. 11799 (AGS), 2000 U.S. Dist. LEXIS 3799, at *25 (S.D.N.Y. Mar. 27, 2000). Moreover, even if Meyer's witnesses do refuse to testify, deposition testimony is an acceptable alternative. *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 209 (S.D.N.Y. 1998). Third, while there is no doubt that Meyer considers the Eastern District of California the more convenient district, and that FLC believes the converse,

---

[3] Meyer's arguments that FLC has engaged in forum shopping ring hollow when, though not located in this District, all of FLC's witnesses are located significantly closer to New York than to California, "rendering [FLC's] election to file suit in New York fair, reasonable and deserving of the deference traditionally afforded to a plaintiff." *American Eagle Outfitters, Inc. v. Tala Brothers Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006).

the purpose of a transfer of venue "is not to shift the inconvenience from one party to the other." *Fifth Ave. of Long Island Realty Assoc. v. Caruso Mgmt. Co., Ltd.*, CV-08-384, 2009 U.S. Dist. LEXIS 13369, at *44 (E.D.N.Y. Feb. 17, 2009) (citations omitted). Finally, although some courts have noted that the bulk of relevant documents in a trademark infringement action is likely to be located at the principal offices of the alleged infringer, so too has it been repeatedly noted that "[i]n in an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." *ESPN*, 581 F. Supp. 2d at 548. Moreover, neither party has presented any evidence regarding the volume of the records and documents that they will produce or the cost of transporting those documents to the relevant forum. *Intria Corp. v. Intira Corp.*, 00 Civ. 7198 (AGS), 2000 U.S. Dist. LEXIS 17039, at *15 (S.D.N.Y. Nov. 27, 2000) ("A defendant's assertion that documents are located in the transferee forum is entitled to little weight unless the defendant makes a detailed showing as to the burden it would incur absent a transfer."). Accordingly, this factor is neutral.

Factors 4, 6, 7 and 9 all weigh in favor of retaining this matter in this District. With respect to Factor 4, in trademark infringement cases, numerous courts in this District have held that the locus of operative facts weighs in favor of maintaining the original venue when the defendant sells the allegedly infringing products in that forum. *See American Eagle*, 457 F. Supp. 2d at 477; *NBA Props., Inc.*, 2000 U.S. Dist. LEXIS 3799 at *10-11; *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 331 (S.D.N.Y. 1998). FLC has sufficiently alleged that Meyer has marketed and sold the allegedly infringing products in New York and thus this factor weighs against transfer. Regarding Factor 6, although the relative means of the parties is generally not entitled to great weight where, as here, both plaintiff and defendants are corporations, *Emerging Vision*, 2009 U.S. Dist. LEXIS 26493 at *19-20, FLC has overcome this presumption by submitting to the Court documentation, in the form of recent tax returns, that specifically supports its contention that it is significantly smaller than the Defendants and that transfer would be unduly burdensome, *see Federman Assocs. v. Paradigm Med. Indus., Inc.*, 96 Civ. 8545 (BSJ), 1997 U.S. Dist. LEXIS 23685, at *12 (S.D.N.Y. Apr. 8, 1997), and thus Factor 6 weighs against transfer. As to Factor 7, while federal courts may be presumed to be equally capable of addressing issues of federal trademark law, FLC also asserts numerous causes of action pursuant to New York's General Business Law, and for common law trademark dilution, common law unfair competition, and breach of contract. "This Court is undoubtedly more familiar with the law governing the New York state law claims, and thus, this factor weighs against transfer."

4

*Fifth Ave.*, 2009 U.S. Dist. LEXIS 13369 at *45.  Moreover, the Licensing Agreement contains an express choice-of-law provision applying New York law and that fact, too, weighs in favor of keeping the case in this District.[4]  *Breeden v. Tricom Bus. Sys., Inc.*, 244 F. Supp. 2d 5, 9 (N.D.N.Y. 2003).  Finally, Meyer argues that trial efficiency and the interests of justice will be served by a transfer because of the pendency of the California Action, this Court is unconvinced that the crowded docket of the Eastern District of California would be more likely to try this case on its merits more expeditiously than it would be tried here.  Indeed, the Court has already scheduled a trial for this matter to commence on August 10, 2009 – fewer than five months after the filing of the Complaint.  The Court also notes that FLC has already made a motion to transfer the California Action to this District that, if granted, will result in the identical trial efficiency that Meyer advocates.  And while a denial of transfer of this action bears some risk of duplicative litigation, in the event that the transfer motion in the California Action is denied, that risk is minimized since this matter will likely resolve that matter as well, and will be tried in relatively short order.[5]

## IV.  CONCLUSION

For the foregoing reasons, Meyer's motion to transfer venue is DENIED.  Defendants shall file an answer or move with respect to FLC's Complaint within ten (10) days of this opinion.  On consent of the parties, the previously scheduled hearing on FLC's Motion for Preliminary Injunction has been adjourned *sine die*.  Discovery on all issues will begin forthwith if it has not begun already.  A trial on the merits will commence on August 10, 2009.  The parties shall submit a joint pretrial order by July 24, 2009.  A trial notification with instructions for the submission of pretrial materials will be sent to all parties in the near future.  All scheduling matters now having been resolved, the Court need not sign the stipulated scheduling

---

[4] Meyer's contention that the choice-of-law provision has been "abandoned" as a result of FLC's having forsaken the alternative dispute resolution proceeding set forth in the Licensing Agreement is without merit.  Meyer cites no case law to support such a contention.  Moreover, the argument ignores the clear principle under New York law that express choice-of-law provisions will be enforced in the absence of fraud or a violation of public policy so long as the transaction bears sufficient relation to the chosen forum.  *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000).  As Meyer has not shown any reason why the choice-of-law provision should not be applied, this factor also weighs against transfer of this matter.

[5] To the extent FLC's opposition to Meyer's motion to transfer venue appears to request this Court to exercise discretion to transfer the California Action to this District, it should be noted that this Court lacks authority to do so.  Rather, the authority to transfer a case lies exclusively in the hands of the transferor court.  *See National Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 46 (2d Cir. 1961); *Machulas v. United States Air Force*, No. CV 406-268, 2007 WL 781730, at *1 (S.D. Ga. Mar. 12, 2007); *see also* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3844 (3d ed. 2009) ("[A]nother district cannot, on the theory that it would be more a convenient forum, order [a] court in which [another] action is pending to transfer the case to it.").

order that the parties submitted to Chambers yesterday. The Clerk of this Court is instructed to close all open motions in this matter.

**IT IS SO ORDERED.**
New York, New York
May 14, 2009

_____
U.S.D.J.