Christopher J. Sovak (CS 3164)
Cem Ozer (CO 1718)
BUSHELL, SOVAK, OZER & GULMI LLP
60 East 42nd Street
Suite 2925
New York, New York 10165
Tel: 212-949-4700
csovak@bushellsovak.com
cozer@bushellsovak.com

*Attorneys for Plaintiff*
*Farberware Licensing Company, LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
FARBERWARE LICENSING COMPANY, LLC,  :
                                    :
           Plaintiff,               :    **ANSWER AND**
                                    :    **AFFIRMATIVE**
-against-                           :    **DEFENSES TO**
                                    :    **COUNTERCLAIMS**
MEYER MARKETING CO., LTD., MEYER    :
INTELLECTUAL PROPERTIES, LTD., and  :    **09- CV-2570 (HB) (MHD)**
MEYER CORPORATION, US,              :
                                    :
           Defendants               :
                                    :
                                    :
                                    :
                                    :
                                    :
------------------------------------------------------------- x

       FARBERWARE LICENSING COMPANY, LLC ("FLC"), by and through its

counsel, BUSHELL, SOVAK, OZER & GULMI LLP, as and for its answer to

Defendants Meyer Intellectual Properties Ltd. ("MIP") and Meyer Corporation, US's

("MUS") (collectively "Meyer") counterclaim, alleges as follows:

### Answering the Allegations as to the Nature of the Counterclaim

1.      Denies the factual allegations set forth in paragraph 1, except admits that Meyer Marketing Co., Ltd. and Farberware, Inc. entered into a license agreement (the "License Agreement"), dated June 27, 1996, the term of which was for 200 years, and states that the License Agreement is the best evidence of the matters set forth therein.  FLC further states that any legal conclusions are reserved for the Court.

2.      Denies the factual allegations set forth in paragraph 2, except admits that there was a payment of approximately $25 million and the requirement of a royalty payment of $1, and states that the License Agreement is the best evidence of the matters set forth therein.  FLC further states that any legal conclusions are reserved for the Court.

3.      Denies the factual allegations set forth in paragraph with regard to MUS, but admits them with regard to MIP.

4.      Denies the factual allegations set forth in paragraph 4, except admits that Meyer is asserting a counterclaim.  FLC further states that any legal conclusions are reserved for the Court.

5.      Denies the factual allegations set forth in paragraph 5.  FLC further states that any legal conclusions are reserved for the Court.

6.      Denies the factual allegations set forth in paragraph 6, except admits that FLC has rejected products, packaging and promotional materials that have not conformed to the License Agreement.

7.      Denies the factual allegations set forth in paragraph 7, except admits that the terms of the License Agreement are the best evidence of FLC's rights pursuant to same.

8.      Denies the factual allegations set forth in paragraph 8 and refers all questions of law to the Court for a ruling.

**Answering the Allegations as to the Historical Background Prior to the Agreement**

9.      Denies knowledge or information sufficient to form a belief as to the factual allegations set forth in paragraph 9 with regard to the agreement alleged to have been reached on or about January 8, 1996, and otherwise denies the factual allegations set forth in paragraph 9.  FLC further denies that the agreement referenced herein has any relevance to the issues in this litigation.

10.     Denies the factual allegations set forth in paragraph 10.

11.     Denies the factual allegations set forth in paragraph 11.

12.     Denies the factual allegations set forth in paragraph 12.

13.     Denies the factual allegations set forth in paragraph 13.

14.     Denies the factual allegations set forth in paragraph 14.

15.     Denies the factual allegations set forth in paragraph 15, except admits that any written statements made by Mr. Cameron are the best evidence of Mr. Cameron's statements.

16.     Denies the factual allegations set fort in paragraph 16.  FLC further denies that the agreement referenced herein has any relevance to the issues in this litigation.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 20.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 21.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 22.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 23, except admits there was a License Agreement and that the same is the best evidence of the contents thereof, and otherwise denies Meyer's characterization of same.

24.     Admitted.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 5, except admits that MIP acquired certain right under the License Agreement.

26.     Denies the factual allegations set forth in paragraph 26 and further states that the License Agreement is the best evidence of its terms and conditions and the rights of the respective parties thereto.

27.     Denies the factual allegations set forth in paragraph 27 and further states that the License Agreement is the best evidence of its terms and conditions and the rights of the respective parties thereto.

28.    Denies the allegations set forth in paragraph 28, except admits that the best evidence of FLC's rights to revenue are set forth in the terms of the License Agreement.

29.    Denies that Meyer has set forth fully the relevant terms of the License Agreement, and admits that the License Agreement is the best evidence of the terms thereof.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30, except admits that, since 2002, MUS has been the sole entity involved in the distribution, marketing and sale of Farberware® Cookware and Bakeware, as defined in the License Agreement, in the United States.

31.    Denies the factual allegations set forth in paragraph 31, except admits that Meyer has advertised, distributed, used and exploited the Farberware® name to sell numerous Farberware® products, including individual pots, pans, cookware sets, and kettles.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.    Denies the factual allegations set forth in paragraph 34.

35.    Denies the factual allegations set forth in paragraph 35.

36.    Denies the factual allegations set forth in paragraph 36.

37.    Denies the factual allegations set forth in paragraph 37.

38.    Denies the factual allegations set forth in paragraph 38, and avers that Meyer is seeking to plead a legal conclusion and, therefore, FLC refers all questions of law to the Court for a ruling.

39.     Denies the factual allegations set forth in paragraph 39, and avers that Meyer is seeking to plead a legal conclusion and, therefore, FLC refers all questions of law to the Court for a ruling.

40.     Denies that Meyer has fully set forth the relevant provisions of the License Agreement and admits that the License Agreement is the best evidence of the terms thereof.

41.     Denies the factual allegations set forth in paragraph 41 and avers that Meyer is seeking to plead a legal conclusion and, therefore, FLC refers all questions of law to the Court for a ruling.

42.     Denies that Meyer has fully set forth the relevant provisions of the License Agreement and admits that the License Agreement is the best evidence of the terms thereof.

43.     Denies the factual allegations set forth in paragraph 43, except admits that it was aware of Meyer's rights and restrictions under the License Agreement as set forth fully in the License Agreement and further states that the same is the best evidence of those rights and restrictions.

44.     Denies the factual allegations set forth in paragraph 44, except admits that it was aware of its rights and restrictions vis-à-vis Meyer under the License Agreement as set forth fully in the License Agreement.  To the extent Meyer alleges any legal conclusions, FLC refers all questions of law to the Court for a ruling.

45.     Denies the factual allegations set forth in paragraph 45, except admits that Meyer was entitled to sell certain kettles under the Farberware® mark as provided for in the

License Agreement.  To the extent Meyer alleges any legal conclusions, FLC refers all questions of law to the Court for a ruling.

46.     Denies the factual allegations set forth in paragraph 46, except admits that Meyer has been selling kettles under the Farberware® name, but denies knowledge or information as to when Meyer began such activity.

47.     Denies the factual allegations set forth in paragraph 47, except admits that FLC entered into a license agreement with a third party to manufacture, distribute and sell, among other things, enamel tea kettles.  To the extent Meyer alleges any legal conclusions, FLC refers all questions of law to the Court for a ruling.

48.     Denies the factual allegations set forth in paragraph 48, except admits that pursuant to a license agreement with FLC, Alfay Designs, Inc. is authorized to manufacture, distribute, market and sell enamel tea kettles.

49.     Denies the factual allegations set forth in paragraph 49, except admits that it informed Meyer it is not licensed to manufacture, distribute, market and sell enamel tea kettles.  To the extent Meyer alleges any legal conclusions, FLC refers all questions of law to the Court for a ruling.

50.     Denies the factual allegations set forth in paragraph 50, except admits that FLC has informed Meyer to not distribute Farberware® cookware sets packaged with Prestige® because doing so is a material breach of the License Agreement and an infringement of the Farberware® trademark.  To the extent Meyer alleges any legal conclusions, FLC refers all questions of law to the Court for a ruling.

51.     Denies the factual allegations set forth in paragraph 51.

## Answering the Allegations as to Meyer's Farberware Cookware Sets

52.  Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 52.  FLC further states that the license from early 1996 referenced in this paragraph has no relevance to the issues in this litigation.

53.  Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 53, except admits that Meyer did distribute and sell a set of pink cookware in 2008.

54.  Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 54.  FLC further states that the license from January 1996 referenced in this paragraph has no relevance to the issues in this litigation.

55.  Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 55, except admits that Meyer is distributing and selling various lines of cookware sets with a colored exterior coating.

56.  Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 56 with regard to Farberware, Inc., and denies the factual allegations as they pertain to FLC.

57.  Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 57.

58.  Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 58, except admits that Meyer is including unlicensed utensils, cutlery and/or bakeware products in certain Farberware® cookware sets and that doing so violates, among other things, the License Agreement.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 59, except admits that Meyer is including Prestige® products, such as kitchen tools, knives, and baking sheets, in the packaging of certain Farberware® cookware sets, and that doing so violates, among other things, the License Agreement.

60.     Denies knowledge and information as to the factual allegations set forth in paragraph 60, except admits that Prestige® is a registered trademark of MIP.

61.     Denies the factual allegations set forth in paragraph 61.  FLC further states that Meyer's actions are in violation of, among other things, the License Agreement.

62.     Denies knowledge or information sufficient to form a belief as to the factual allegations set forth in paragraph 62, except admits that Meyer has been distributing various Farberware® cookware sets packaged with Prestige® utensil sets.  FLC further states that Meyer's actions are in violation of, among other things, the License Agreement.

63.     Denies the factual allegations set forth in paragraph 63.

**Answering the Allegations as to Meyer's Compliance
with the Quality Standard Set Forth in the Agreement**

64.     Denies knowledge or information sufficient to form a belief as to the factual allegations set forth in paragraph 64, except admits that representatives of FLC met with representatives of Meyer annually at the Housewares Show in Chicago, IL, since 2002.

65.     Denies the factual allegations set forth in paragraph 65, except admits that FLC representatives did meet with Meyer representatives and view products and materials.

66.     Denies the factual allegations set forth in paragraph 66, except admits that Mr. Ratushny did meet with Dr. Tavacol at the 2008 Housewares Show.

67.     Denies the factual allegations set forth in paragraph 67.

68.     Denies the factual allegations set forth in paragraph 68.

69.     Denies the factual allegations set forth in paragraph 69, except admits that Meyer

is not authorized to package and promote unlicensed products in combination with

Farberware® cookware sets in violation of the License Agreement.

70.     Denies knowledge or information as to matters approved by Farberware, Inc. or

the referenced press release, but admits that Farberware® branded cookware which

contained a non-stick coating has and continues to be marketed, but denies this fact has

relevance to the present dispute.

71.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of

law to the Court for a ruling.  To the extent there any factual allegations pled in paragraph

71, FLC denies them.

72.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of

law to the Court for a ruling.  To the extent there are any factual allegations pled in

paragraph 72, FLC denies knowledge or information sufficient to form a belief as to the

truth of such allegations.

73.     Denies the factual allegations set forth in paragraph 73.

**Answering the Allegations Regarding the Dispute Between FLC and MUS**

74.     Denies the factual allegations set forth in paragraph 74, except admits that it filed

the instant lawsuit and states that the contents of its complaint are the best evidence of its

allegations against Meyer.

75.     Admitted.

76.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling, and otherwise denies all factual allegations set forth in paragraph 76.

77.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling, and otherwise denies all factual allegations set forth in paragraph 77, except admits that FLC informed Meyer not to package unlicensed products with Farbeware® cookware sets in violation of the License Agreement.

78.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling, and otherwise denies all factual allegations set forth in paragraph 78.

79.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling, and otherwise denies all factual allegations set forth in paragraph 79.

80.     Avers that Meyer is plead legal conclusions and refers all questions of law to the Court for a ruling, and otherwise denies all factual allegations set forth in paragraph 80.

**Answering the First Cause of Action**
**Breach of Contract**

81.     FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

82.     Admitted.

83.     Denies the factual allegations contained in paragraph 83.

84.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  FLC denies any factual allegations in paragraph 84, but

admits that Article II of the License Agreement confers certain rights to Meyer and that the contents of the License Agreement are the best evidence of what Article II provides.

85.     Denies the factual allegations set forth in paragraph 85 are a complete and accurate reflection of what Article X of the License Agreement, but admits that the contents of the License Agreement are the best evidence of what Article X states.

86.     Avers that Meyer is pleading legal conclusions and FLC refers all question of law to the Court for a ruling, otherwise, FLC admits that Articles II and X are contained in the License Agreement and that the best evidence of the contents of those articles is the License Agreement.  To the extent there are any other factual allegations in paragraph 86, FLC denies them.

87.     Denies the factual allegations set forth in paragraph 87, except admits that FLC entered into a license agreement with Alfay that allowed for the latter to market, distribute, and sale, among other things, enamel tea kettles under the Farberware® mark. To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

88.     Denies the factual allegations set forth in paragraph 88.  To the extent Meyer pleads any legal conclusions, FLC refers them to the court for a ruling.

89.     Denies that paragraph 89 sets forth the full text of paragraph 13.2 of Article XIII of the License Agreement, and states that the best evidence of the contents of paragraph 13.2 is the License Agreement itself.

90.     Avers that Meyer pleads a legal conclusion and FLC refers all questions of law to the Court for a ruling.  The extent there are any factual allegations set forth in paragraph 90, FLC denies them.

91.     Denies the factual allegations set forth in paragraph 91.  To the extent Meyer pleads any legal conclusions, FLC refers them to the Court for a ruling.

92.     Denies that paragraph 92 sets forth the full text of Article XV and states that the best evidence of the contents of Article XV is the License Agreement itself.

93.     Avers that Meyer is pleading legal conclusions and FLC refers questions of law to the Court for a ruling.  To the extent there are any factual allegations in paragraph 93, FLC denies them.

94.     Denies the factual allegations in paragraph 94, except admits that FLC and Meyer engaged in informal meetings in the summer of 2008 only with regard to the dispute concerning the tea kettle.

95.     Denies the factual allegations in paragraph 95.

### Answering the Second Cause of Action
### Breach of the Implied Covenant of Good Faith and Fair Dealing

96.     FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

97.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations set forth in paragraph 97, FLC denies them, except admits there is a License Agreement.

98.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations in paragraph 98, FLC admits that it is a licensor pursuant to the License Agreement, but denies all other factual allegations.

99.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations in paragraph 99, FLC denies them.

100.    Denies that paragraph 100 sets forth the terms of Paragraph 2.1.1 of the License Agreement in full and states that the best evidence of the terms of the License Agreement is the License Agreement.  FLC admits the License Agreement grants Meyer certain rights to use and exploit the Farberware® name in connection with cookware.

101.    Denies the factual allegations set forth in paragraph 101, except admits that Meyer sold and distributed cookware sets under the Farberware® trademark.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 102, except admits that Meyer is including unlicensed utensils, cutlery and/or bakeware products in certain Farberware® cookware sets and that doing so violates, among other things, the License Agreement.

103.    Denies the factual allegations set forth in paragraph 103, except admits that FLC in October 2008 denies approval of certain sell sheets and packaging reflected therein that promoted or packaged unlicensed cutlery and/or utensils with Farberware® products. To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

104.    Denies the factual allegations set forth in paragraph 104 and further states that the subject packaging and promotional violated various other material provisions of the License Agreement.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in the paragraph 105, except admits that the subject

packaging and promotional violated various other material provisions of the License Agreement.

106.    Denies the factual allegations set forth in paragraph 106.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

107.    Denies the factual allegations set forth in paragraph 107.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 108.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 109.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

110.    Denies the factual allegations set forth in paragraph 110, except admits that Meyer distributes and sells various lines of cookware sets with a colored exterior coating.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 111, except admits that Meyer distributes and sells pink cookware under the Farberware® mark for which it breached the notice and approval provisions of the License Agreement.

112.    Denies the factual allegations in paragraph 112.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

113.    Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations set forth in paragraph 113, FLC denies them.

114.    Denies that paragraph 114 fully sets forth the provisions of Paragraph 4.1 of the License Agreement and states that the best evidence of those provisions is the License Agreement.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115.

116.    Denies the factual allegations set forth in paragraph 116.  To the extent Meyer is pleading any legal conclusions, FLC refers all questions of law to the Court for a ruling.

117.    Denies the factual allegations set forth in paragraph 117.  To the extent Meyer is pleading any legal conclusions, FLC refers all questions of law to the Court for a ruling.

118.    Denies the factual allegations set forth in paragraph 118.

119.    Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations set forth in paragraph 119, FLC denies them.

120.    Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations set forth in paragraph 120, FLC denies therm.

**Answer the Third Cause of Action**
**Unfair Competition (New York Common Law) – Packaging**

121.     FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

122.    Denies that paragraph 122 sets forth the terms of Paragraph 2.1.1 of the License Agreement in full and states that the best evidence of the terms of the License Agreement is the License Agreement.  FLC admits the License Agreement grants Meyer certain rights to use and exploit the Farberware® name in connection with cookware.

123.    Admitted.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 124, except admits that Meyer distributes in the same package as certain Farberware® cookware sets, utensils, cutlery and bakeware.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 125, except admits that Meyer is including unlicensed utensils, cutlery and/or bakeware products in certain Farberware® cookware sets and that doing so violates, among other things, the License Agreement.

126.    Denies the factual allegations set forth in paragraph 126.  To the extent Meyer is pleading any legal conclusions, FLC refers all questions of law to the Court for a ruling.

127.    Denies that paragraph 127 fully sets forth the requirements of Paragraph 4.6 and states that the License Agreement is the best evidence of the terms of Paragraph 4.6 and of the full extent of Meyer's obligations with respect to packaging.

128.    Denies the factual allegations set forth in paragraph 128.

129.    Denies the factual allegations set forth in paragraph 129.

130.    Denies the factual allegations set forth in paragraph 130, except admits that Mr. Ratushny stated the quoted language.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

131.    Denies the factual allegations set forth in paragraph 131, except admits them only to the extent that Meyer seeks to distribute Farberware® cookware sets in a manner that violates the License Agreement.

132.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations in paragraph 132, FLC denies them.

133.   Denies the factual allegations in paragraph 133.

134.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations in paragraph 134, FLC denies them.

135.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations in paragraph 135, FLC denies them.

**Answering the Fourth Cause of Action**
**Unfair Competition (New York State Common Law) – Kettles**

136.   FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

137.   Denies the factual allegations set forth in paragraph 137, except admits that FLC entered into a license agreement with Alfay allowing the latter to market, distribute and sell enamel tea kettles under the Farberware® mark.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

138.   Denies the factual allegations set forth in paragraph 138.

139.   Denies the factual allegations set forth in paragraph 139.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

140.   Denies the factual allegations set forth in paragraph 140.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

141.    Denies the factual allegations set forth in paragraph 141.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

142.    Denies the factual allegations set forth in paragraph 142.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

143.    Denies the factual allegations set forth in paragraph 143.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

**Answering the Fifth Cause of Action**
**Violation of California Business and Professions Code**
**Section 17200 Unfair Acts or Practices**

144.    FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

145.    Denies knowledge or information sufficient to form a belief in the truth of the factual allegations set forth in paragraph 145.

146.    Denies knowledge or information sufficient to form a belief in the truth of the factual allegations set forth in paragraph 146.

147.    Denies knowledge or information sufficient to form a belief in the truth of the factual allegations set forth in paragraph 147.

148.    Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations set forth in paragraph 148, FLC denies them.

149.    Denies the factual allegations set forth in paragraph 149.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

150.    Denies the factual allegations set forth in paragraph 150.  To the extent Meyer pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

151.    Denies the factual allegations set forth in paragraph 151.  To the extent Meyer

pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

**Answering the Sixth Cause of Action**
**Declaratory Judgment Regarding the Packaging and**
**Promotion of Farberware Cookware Sets**

152.    FLC repeats and realleges by reference its replies in Paragraphs 1 through 80

above as if fully set forth herein.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the

factual allegations set forth in paragraph 153, except admits that Meyer does not have the

license to Farberware® utensils and cutlery and that Meyer is distributing and selling

certain Farberware® cookware sets that include Prestige® utensils, cutlery, and/or

bakeware.

154.    Denies the factual allegations set forth in paragraph 154.

155.    Denies the factual allegations set forth in paragraph 155.  To the extent Meyer

pleads any legal conclusions, FLC refers all questions of law to the Court for a ruling.

156.    Denies that paragraph 156 fully sets forth the requirements of Paragraph 4.6 and

states that the License Agreement is the best evidence of the terms of Paragraph 4.6 and

the full extent of Meyer's obligations with respect to packaging.

157.    Denies the factual allegations set forth in paragraph 157.

158.    Denies the factual allegations set forth in paragraph 158.

159.    Denies the factual allegations set forth in paragraph 159, except admits that FLC

has brought the instant action against Meyer alleging breach of the License Agreement,

trademark infringement, unfair competition, false advertisement, and trademark dilution

under the Lanham Act, trademark dilution, unfair competition, and deceptive business

practices under New York law, and breach of contract arising from Meyer's packaging and/or promotion of non-Farberware utensils, cutlery and/or bakeware with Farberware® cookware sets in violation of the License Agreement.

160.    Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.

161.    Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.

162.    Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

163.    Denies the factual allegations set forth in paragraph 163 and further states that Meyer is not entitled, as a matter of law, to the declarations as worded by Meyer in paragraph 163.

**Answering the Seventh Cause of Action**
**<u>Declaratory Judgment Regarding Kettles</u>**

164.    FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 with respect to Alfay, but admits that Meyer contacted FLC and stated its position with regard to stainless steel kettles.  FLC further denies that Meyer's position is correct under the License Agreement.

166.    Denies the factual allegations set forth in paragraph 166, except admits that FLC authorized Alfay, pursuant to a license agreement, to manufacture, distribute and/or sell

enamel tea kettles under the Farberware® trademark.  To the extent Meyer is pleading any legal conclusions, FLC refers all questions of law to the Court for a ruling.

167.    Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

168.    Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.

169.    Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.

170.    Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

171.    Denies the factual allegations set forth in paragraph 171 and further states that Meyer is not entitled, as a matter of law, to the declarations as worded by Meyer in paragraph 171.

### Answering the Eighth Cause of Action
### Declaratory Judgment Regarding the Pink Cookware Sets

172.    FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

173.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 173.  FLC further denies that the agreement referenced herein has any relevance to the issues in this litigation.

174.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 174.

175.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 175, except admits that Meyer is distributing and selling aluminum cookware sets covered with an exterior colored coating under the Farberware® trademark.

176.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 176, except admits there was a License Agreement dated June 27, 1996, entered into between Farberware, Inc. and Meyer Marketing Co. Ltd.

177.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 177, except admits that Meyer is distributing and selling aluminum cookware sets covered with an exterior colored coating under the Farberware® trademark.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 178 with respect to Farberware, Inc., and denies the factual allegations with respect to FLC.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 179, except admits that Meyer is distributing and selling aluminum cookware sets with a pink exterior coating for which Meyer failed to take the necessary steps under the License Agreement to obtain FLC's approval to market under the Farberware® mark.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 178 with respect to Farberware, Inc. and denies the factual allegations with respect to FLC and as to the License Agreement.

181.   Denies that paragraph 181 sets forth fully the requirements stated in Paragraph 4.1 of the License Agreement and states that the best evidence of the License Agreement's requirements is the License Agreement

182.   Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 182.

183.   Denies the factual allegations set forth in paragraph 183.  To the extent Meyer is pleading any legal conclusions, FLC refers all questions of law to the Court for a ruling.

184.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.

185.   Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.

186.   Avers that Meyer is pleading a legal conclusion and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

187.   Denies the factual allegations set forth in paragraph 187 and further states that Meyer is not entitled, as a matter of law, to the declarations as worded by Meyer in paragraph 187.

### Answering the Ninth Cause of Action
### Equitable Estoppel Regarding the Farberware Packaging

188.   FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

189.   Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 189, except admits that Meyer is distributing and

selling Farberware® cookware sets that include Prestige® products in violation of the License Agreement.

190.     Denies the factual allegations set forth in paragraph 190.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

191.     Denies the factual allegations set forth in paragraph 191.

192.      Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations set forth in paragraph 191, they are denied.

193.     Denies the factual allegations set forth in paragraph 193.

194.     Denies the factual allegations set forth in paragraph 194.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

195.     Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations set forth in paragraph 195, they are denied.

**Answering the Tenth Cause of Action**
**Equitable Estoppel Regarding the Pink Cookware**

196.     FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

197.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 197.  FLC further denies that the agreement referenced herein has any relevance to the issues in this litigation.

198.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 198.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 199, except admits that Meyer is distributing and selling aluminum cookware with color-coated exteriors under the Farberware® mark.

200.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 200.

201.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 201 with respect to Farberware, Inc. and denies the factual allegations set forth in paragraph 201 with respect to FLC.

202.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 202 with respect to Farberware, Inc. and denies the factual allegations set forth in paragraph 202 with respect to FLC.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 203 with respect to Farberware, Inc. and denies the factual allegations set forth in paragraph 203 with respect to FLC.

204.    Denies the factual allegations set forth in 204, denies knowledge or information sufficient to form a belief as to the truth of the factual allegations with respect to the "noble purpose" and states that FLC's only objection was that Meyer had not taken the necessary steps under the License Agreement to obtain approval from FLC with respect to the pink cookware set identified in Ex. T appended to FLC's complaint.

205.    Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

206.   Denies the factual allegations set forth in paragraph 206.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

207.   Denies the factual allegations set forth in paragraph 207.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

**Answering the Eleventh Cause of Action**
**Permanent Injunctive Relief**

208.   FLC repeats and realleges by reference its replies in Paragraphs 1 through 80 above as if fully set forth herein.

209.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

210.   Denies the factual allegations set forth in paragraph 210.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

211.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

212.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

213.   Denies the factual allegations set forth in paragraph 213.  To the extent Meyer is pleading legal conclusions, FLC refers all questions of law to the Court for a ruling.

214.   Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

215.    Avers that Meyer is pleading legal conclusions and FLC refers all questions of law to the Court for a ruling.  To the extent there are any factual allegations, they are denied.

### Answering the Prayer for Relief

1.    Denies that Meyer is entitled to the relief sought in paragraph 1.

2.    Denies that Meyer is entitled to the relief sought in paragraph 2.

3.    Denies that Meyer is entitled to the relief sought in paragraph 3.

4.    Denies that Meyer is entitled to the relief sought in paragraph 4.

5.    Denies that Meyer is entitled to the relief sought in paragraph 5.

6.    Denies that Meyer is entitled to the relief sought in paragraph 6.

7.    Denies that Meyer is entitled to the relief sought in paragraph 7.

8.    Denies that Meyer is entitled to the relief sought in paragraph 8.

9.    Denies that Meyer is entitled to the relief sought in paragraph 9.

10.    Denies that Meyer is entitled to the relief sought in paragraph 10.

11.    Denies that Meyer is entitled to the relief sought in paragraph 11.

12.    Denies that Meyer is entitled to the relief sought in paragraph 12.

13.    Denies that Meyer is entitled to the relief sought in paragraph 13.

14.    Denies that Meyer is entitled to the relief sought in paragraph 14.

15.    Denies that Meyer is entitled to the relief sought in paragraph 15.

16.    Denies that Meyer is entitled to the relief sought in paragraph 16.

17.    Denies that Meyer is entitled to the relief sought in paragraph 17.

18.    Denies that Meyer is entitled to the relief sought in paragraph 18.

19.    Denies that Meyer is entitled to the relief sought in paragraph 19.

20.     Denies that Meyer is entitles to the relief sought in paragraph 20.

**FLC's Affirmative Defenses**

FLC denies all allegations which otherwise have not been expressly admitted in this Answer.  Additionally, FLC asserts the following affirmative defenses to Meyer's Counterclaim, without prejudice to its denials and all other statements in its answer and elsewhere.  By asserting these defenses, FLC does not assume the burden of proof on these defenses when substantive law provides otherwise.

1.     The Counterclaim fails to state claims upon which relief may be granted against FLC in favor of Meyer.

2.     FLC is operating under a valid License Agreement dated June 27, 1996 (the "License Agreement") and has met all obligations in same.

3.     Meyer has not suffered any injury to its business or property by reason of any alleged conduct by FLC.

4.     If Meyer was injured or damaged, which FLC denies, then such injuries or damages were caused solely by the acts or omissions of persons or parties for which FLC is not liable or responsible.

5.     Meyer has unclean hands by engaging in willful violation of the License Agreement.

6.     Meyer's claims are barred in whole or part by the doctrine of laches and/or any applicable statute of limitations.

7.     Meyer's claims are barred in whole or part by the doctrine of acquiescence.

8.     Meyer's claims fail to state facts sufficient to support an award of attorney's fees.

9.      FLC asserts it will suffer irreparable harm if the injunctive relief requested is granted.

10.     Meyer's claims fail to state facts sufficient to support an award of exemplary or punitive damages.

11.     Meyer's claims are barred in whole or part because Meyer failed to mitigate any damages.

12.     Money damages are adequate for any injury Meyer alleges to have sustained.

13.     Meyer's claims are barred by the doctrines of estoppel and waiver.

14.     Meyer's claims are barred because Meyer's requests for damages are speculative and uncertain.

15.     Meyer's claims are barred by the provisions of the License Agreement.

16.     FLC reserves the right to assert any additional defenses as may be revealed by further investigation or discovery.

Dated: New York, New York
        June 22, 2009

_____
Christopher J. Sovak (CS 3164)
Cem Ozer (CO 1718)
BUSHELL, SOVAK, OZER & GULMI LLP
60 East 42nd Street
Suite 2925
New York, New York 10165
Tel: 212-949-4700
csovak@bushellsovak.com
cozer@bushellsovak.com
*Attorneys for Plaintiff*
*Farberware Licensing Company LLC*