UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
: No. 09 CV 2570 (HB) (MHD)
FARBERWARE LICENSING COMPANY, LLC, :
: **DEFENDANTS' NOTICE OF**
Plaintiff, : **MOTION TO BAR MARONICK**
- against - : **EXPERT REPORT, TESTIMONY**
: **AND SURVEYS**
MEYER MARKETING CO., LTD., MEYER :
INTELLECTUAL PROPERTIES, LTD., and :
MEYER CORPORATION, U.S., :
:
Defendants. :
:
------------------------------------------------------------------- x

**PLEASE TAKE NOTICE** that, on a date and time as may be set by this Court, Defendants Meyer Corporation, U.S. ("MUS") and Meyer Intellectual Properties Limited ("MIP") will move this Court, before the Honorable Harold Baer, Jr., at the United States Courthouse, 500 Pearl Street, New York, New York, for an order barring the presentation of the expert report, testimony and surveys of Thomas Maronick.

Maronick's surveys and opinions are irrelevant to the relief sought by Farberware Licensing Company, LLC in its motion for a preliminary injunction. In particular, the surveys primarily relate to conduct of third parties or to conduct that cannot be said to lead to consumer confusion in purchasing the accused products.

Maronick's surveys and opinions also fail to meet the requirements of expert testimony set out in the Federal Rules of Evidence and the *Daubert/Kumho Tire* line of cases. Maronick's surveys and opinions are not based on reliable principles and methods, particularly using an inappropriate sample pool, using leading questions, failing to establish controls, and attempting to create confusion, rather than to test it. The resulting surveys are so flawed that they under no circumstances can be said to be of a type reasonably relied upon by experts in the marketing field, as required by Fed. R. Evid. 703. Second Circuit precedent is clear that survey and opinion

evidence suffering the extensive methodological shortcomings of the Maronick evidence cannot be considered in evaluating the existence of consumer confusion.  Finally, the failure of the Maronick survey evidence to fall under a recognized hearsay exception for such evidence dooms its admissibility in this case.  For all these reasons more extensively discussed in the accompanying Memorandum, the survey and opinions of Thomas Maronick do not establish any likelihood of confusion and should be excluded from consideration in this case.

       This Motion is based upon this Notice of Motion, the accompanying Declarations of Bobby J. Calder, PhD., David Tavacol and Exhibits thereto, and the Memorandum of Law in Support of Defendants' Motion to Exclude and Exhibits thereto.

Dated: July 24, 2009

Respectfully submitted,

s/ Timothy K. Sendek
Dean A. Dickie
Harry N. Arger
Heather L. Kramer
Renee L. Zipprich
Timothy K. Sendek
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL  60606
Phone: (312) 876-1700
Fax:    (312) 627-2302
Email: DDickie@Dykema.com
Email: HArger@Dykema.com
Email: HKramer@Dykema.com
Email: RZipprich@Dykema.com

Alan D. Reitzfeld
Christelette A. Hoey
HOLLAND & KNIGHT LLP
195 Broadway, 24th Floor
New York, NY  10007
Phone: (212) 513-3200
Fax:    (212) 385-9010
Email: alan.reitzfeld@hklaw.com
Email: christelette.hoey@hklaw.com

*Counsel for Defendants Meyer Corporation, U.S. and Meyer Intellectual Properties Limited*

CHICAGO\2727831.1
ID\IVF - 097735/0013