**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------------x
**FARBERWARE LICENSING**      :
**COMPANY LLC,**     :
                               **Plaintiff,**      :      **09 Civ. 2570 (HB)**
     :
           **-against-**      :      **OPINION & ORDER**
     :
**MEYER MARKETING CO., LTD., MEYER**      :
**INTELLECTUAL PROPERTIES, LTD., and**      :
**MEYER CORPORATION, U.S.,**      :
     :
                           **Defendants.**      :
------------------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

        The trial in this trademark infringement and breach of contract action began on August 17, 2009.  Before trial, both parties filed numerous motions in limine to preclude the introduction of various types of evidence at trial.  The motions were fully submitted by the Plaintiff Farberware Licensing Company LLC ("FLC" or "Plaintiff") on August 5, 2009 and by Defendants Meyer Marketing Co., Ltd. ("MMC"), Meyer Intellectual Properties, Ltd. ("MIP") and Meyer Corporation, U.S. ("MUS") (collectively, "Meyer" or "Defendants") on August 7, 2009.  One of FLC's motions in limine sought to preclude the introduction of all extrinsic evidence to contradict or vary what it considers to be the unambiguous language of the 1996 License Agreement between FLC and Meyer.  FLC's motion refers specifically to a separate agreement with Meyer that was executed the year before the License Agreement (the "1995 Agreement"), but it also apparently seeks to keep out all extrinsic evidence.  Although on the first day of trial the Court granted FLC's motion insofar as it related to the 1995 Agreement, further argument was heard on August 20, 2009 with respect to the balance of FLC's motion.  At the Court's request, both parties submitted letters to more fully explain the evidence that Meyer intends to present with respect to extrinsic evidence and FLC's objections to the introduction of that evidence.  With one caveat, which will be explained below, I agree with FLC's position that the License Agreement is unambiguous and all extrinsic evidence – including, but not limited to, evidence of the 1995 Agreement and any negotiations leading up to the execution of the 1996 License Agreement – will be excluded.

        The evidence that Meyer seeks to introduce can be roughly divided into two categories: first, evidence as to FLC's approval rights and Meyer's right to use the Farberware® trademarks under the License Agreement, and second, evidence as to the meaning of the term "made of

stainless steel" as it relates to Meyer's ability to use the Farberware® trademarks in connection with tea kettles.  With respect to the approval rights and Meyer's use of the trademarks, I must agree with FLC that the language of the License Agreement is unambiguous and that the document speaks for itself.  To allow Meyer to introduce evidence to vary or contradict the clear meaning of Articles II and XII, which together set forth the scope of Meyer's rights under the License Agreement, would run afoul of the parol evidence rule under New York law.  *See, e.g.*, *Holloway v. King*, 361 F. Supp. 2d 351, 358 (S.D.N.Y. 2008) ("Parol evidence to vary, contradict, or supplement the terms of a fully integrated agreement is not admissible."); *Sabo v. Delman*, 3 N.Y.2d 155, 161 (1957).  Further, the License Agreement contains an integration clause, which expressly supersedes and precludes the introduction of any pre-License Agreement negotiations, understandings or agreements.  *See Wall v. CSX Transp., Inc.,* 471 F.3d 410, 416 n.5 (2d Cir. 2006) (noting that "[t]he New York Court of Appeals has foreclosed parol evidence where the contract includes a negotiated merger clause") (citing *Citibank v. Plapinger*, 66 N.Y.2d 90, 95 (1985)); *see also Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 (2d Cir. 1988) ("When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and  negotiations will not be admitted for the purpose of varying or contradicting the writing.").

With respect to the evidence related to tea kettles, the Court likewise finds that the integration clause in the License Agreement prevents the introduction of any prior negotiations, agreements or understandings with respect to what the parties intended the term "made of stainless steel" to mean.  However, it does appear that to a degree the phrase "made of stainless steel" is subject to more than one interpretation, and is therefore ambiguous.  While the Court will not allow Meyer to introduce evidence of negotiations or prior agreements, Meyer may present evidence of what they contend the phrase means.  In other words, the jury may hear testimony from witnesses as to what, in their experience, the term "made of stainless steel" means.  Indeed, the jury has already heard significant testimony from FLC as to what it believes the License Agreement to mean in this regard; it is only fair to allow Meyer to present similar, but appropriately circumscribed, evidence to that effect.

## IV. CONCLUSION

For the foregoing reasons, FLC's motion is granted to the extent discussed in this opinion. The Clerk of this Court is instructed to close this motion.

**IT IS SO ORDERED.**

**New York, New York**
**August 22, 2009**

_____
U.S.D.J.