```
                                    USDS SDNY
                                    DOCUMENT
UNITED STATES DISTRICT COURT        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK       DOC #: _____
                                    DATE FILED: 10/13/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
FARBERWARE LICENSING
COMPANY LLC,

                Plaintiff,       :        09 Civ. 2570 (HB)

                -against-       :        JUDGMENT IN A CIVIL CASE

MEYER MARKETING CO., LTD., MEYER
INTELLECTUAL PROPERTIES, LTD., and
MEYER CORPORATION, U.S.,

                Defendants.
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:**

    A jury trial before the Honorable Harold Baer, Jr., United States District Judge, having begun on August 17, 2009 and concluded on August 27, 2009; and

    The jury having rendered a verdict as follows: (i) in favor of Farberware Licensing Company LLC ("FLC") in the amount of $1 for a non-material breach of contract (Seventh Cause of Action); (ii) in favor of Meyer Marketing Co., Ltd., Meyer Intellectual Properties, Ltd. and Meyer Corporation, U.S. (collectively, "Meyer") in the amount of $1 for breach of contract (First Counterclaim); (iii) in favor of Meyer in the amount of $195,000 for common law unfair competition (Third and Fourth Counterclaims); and

    The jury having found that FLC failed to prove its claims for trademark infringement (First Cause of Action), false designation of origin (Second Cause of Action), trademark dilution under federal or state law (Third and Fourth Causes of Action), common law unfair competition (Fifth Cause of Action), deceptive acts or practices under New York law (Sixth Cause of Action), or breach of the implied covenant of good faith and fair dealing (Eighth Cause of Action); and that Meyer failed to prove its counterclaims for breach of the implied covenant of good faith and fair dealing (Second Counterclaim); and

    The jury having been instructed that they would act as advisors to the Court on certain equitable claims and defenses and the jury having advised the Court that they found that Meyer proved its equitable defenses of laches (Sixth Affirmative Defense) and acquiescence (Ninth Affirmative Defense) but failed to prove its equitable claim for violation of the California Business & Professional Code § 17200 (Fifth Counterclaim) or its equitable defenses of waiver (Seventh Affirmative Defense), equitable estoppel (Seventh Affirmative Defense) and unclean

hands (Fourth Affirmative Defense), and the jury having advised that FLC failed to prove its equitable defense of unclean hands (Fifth Affirmative Defense); and

Meyer having withdrawn their Fifth, Ninth, Tenth and Eleventh equitable counterclaims for violation of the California Business & Professional Code § 17200, equitable estoppel and permanent injunctive relief; and

The Court having accepted the jury's advisory verdicts on the equitable defenses and counterclaims and the advisory verdicts being instructive as to Meyer's remaining counterclaims for declaratory judgment, it is hereby:

(1) **ORDERED, ADJUDGED AND DECREED** that FLC have judgment in the sum of $1 against Meyer on the Seventh Cause of Action for breach of contract;

(2) **ORDERED, ADJUDGED AND DECREED** that Meyer has established the equitable defenses of laches and acquiescence, but failed to prove their equitable defenses of waiver, estoppel and unclean hands;

(3) **ORDERED, ADJUDGED AND DECREED** that the Complaint be and the same is dismissed with prejudice as to the First Cause of Action (trademark infringement under the Lanham Act), Second Cause of Action (false designation of origin under the Lanham Act), Third Cause of Action (trademark dilution under the Lanham Act), Fourth Cause of Action (trademark dilution under New York law), Fifth Cause of Action (unfair competition), Sixth Cause of Action (deceptive acts and practices under New York Gen. Bus. Law § 349) and Eighth Cause of Action (breach of the covenant of good faith and fair dealing), and that FLC's request for injunctive relief is denied;

(4) **ORDERED, ADJUDGED AND DECREED** that Meyer have judgment in the sum of $195,000 against FLC on the Third and Fourth Counterclaims for common law unfair competition and in the amount of $1 against FLC on the First Counterclaim for breach of contract;

(5) **ORDERED, ADJUDGED AND DECREED** that the Counterclaims be and the same is dismissed as to the Second Counterclaim (breach of the implied covenant of good faith and fair dealing), Fifth Counterclaim (violation of California Bus. & Prof. Code § 17200), Ninth Counterclaim (equitable estoppel), Tenth Counterclaim (equitable estoppel) and Eleventh Counterclaim (permanent injunctive relief);

(6) **ORDERED, ADJUDGED AND DECREED** that (a) FLC consented to Meyer's practice of combining the 29 Farberware cookware sets with non-Farberware kitchen accessories

as described in Exhibit P-173 (the "29 bundled cookware sets"); (b) that Meyer's practice was not confusing or likely to lead to confusion; that such practice does not constitute trademark infringement under Section 32(1) and Section 43(a) of the Lanham act, trademark dilution under Section 43(a) of the Lanham Act or New York law, unfair competition or deceptive act or practice under New York law; and (c) that Meyer's practice of combining the 29 bundled cookware sets was not egregious and was commercially reasonable;

(7) **ORDERED, ADJUDGED AND DECREED** that (a) the License Agreement provides that Meyer and its affiliates have the worldwide exclusive right to use and exploit the Farberware name and related trademarks in connection with sourcing, manufacturing and/or distribution of kettles made of stainless steel, irrespective of coating; that (b) FLC's having entered into an agreement with or otherwise authorized Alfay to distribute and sell kettles made of stainless steel bearing the Farberware name and trademark was in derogation of the express terms of the License Agreement; that (c) FLC is prohibited from granting a license or otherwise authorizing Alfay, or any other entity or person to manufacture, distribute, or sell kettles made of stainless steel bearing the Farberware name and/or trademark in derogation of Meyer's rights under the License Agreement, irrespective of any coating; that (d) Alfay manufactured and sold kettles made of stainless steel, and that (e) the agreement FLC entered into with Alfay was in express violation of the License Agreement between Farberware, Inc. and Meyer;

(8) **ORDERED, ADJUDGED AND DECREED** that (a) the pink cookware sets displayed at the 2008 Housewares Show are within the scope of Meyer's exclusive license for cookware and bakeware under the 1996 License Agreement between Farberware, Inc. and Meyer; and that (b) FLC consented to Meyer's sale and distribution of pink cookware sets displayed at the 2008 Housewares Show;

(9) **ORDERED, ADJUDGED AND DECREED** that to the extent that either party sought other and further relief that is not granted in this Judgment, such request is denied.

SO ORDERED.

October 13, 2009
New York, New York

_____
U.S.D.J.

3